UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

GARY DEWAYNE WEBER,                                                                             Plaintiff,

v.                                                                                  Civil Action No. 3:16-cv-85-DJH

LOUISVILLE METRO POLICE DEPARTMENT *et al.*,                          Defendants.

\* \* \* \* \*

**MEMORANDUM OPINION**

Plaintiff Gary DeWayne Weber filed a *pro se* civil action on a general complaint form. Because Plaintiff is proceeding *in forma pauperis*, this Court must review the complaint pursuant to 28 U.S.C. § 1915(e)(2). For the following reasons, the action will be dismissed.

## I. SUMMARY OF COMPLAINT

In his complaint, Plaintiff indicates that he is suing the "Louisville Metro Police Department" (LMPD) and the "Carrollton Kentucky Police Department" (CPD). He states that he is seeking the "right to spong my record + the right to have my on privacy + and sue for police brutality + racism."

In the section of the complaint titled "Statement of Claim," Plaintiff states as follows:

> Plant drug that was fack on me + sold moe-pad that was released on to me . . . changed my court date behinned my back . . . lie to my lawer and docters, friendly strangers about me . . . got me fired from new job ruined interviews at job fairs . . . and made false arrested on some of my future wive's est . . . female judge changed my court date so I would miss my court date. My lawer said that the charge's are drop but the racial cops black + white officer's keep lieing on me + other people in the courtroom and there information be lieing on em most of them police that I been having problums out of be trying to move around me acting like the from one part of town and pick a fight and drive by my house and give the impression that they are not from were I live at and really is! But I'm going to put restanning order on this officers . . . And I got more proof to show you or any one that needs to know. . .

> In summer of 2012 or 2013? A fack warrent was made by Jefferson, Kentucky Police + Carollton Kentucky police 3 to 5 yrs early of when the warrant of 2012 or 2013 told me that they planted drugs on the  or on some drug bust and the drugs was facted and they sayed that I could not or should not be friends with know police or peace office! then they called me a racial name the N-word and the peace officer said it like it was cool to say but he is white and I'm black . . . the officers that said this and been saying "racial name" to me Gary DeWayne Weber to this day 2016-2-16." Both groups of officers both Louisville and Carrollton, Kentucky police men and some women have saying this or calling me racial name for a long time for at lest 7 yrs!  Then I had a moe-pad the police men of Louisvlle Metro sold the mo-pad when Judge gave it back to me Gary DeWayne Weber. they office both Louisville Metro and Carrollton office be riding, around my house on + off duty all day racial + calling my name out around my job interview so "I can not get job" or when I go to a store the office are around giving a false feeling of awareness!

Plaintiff states that he seeks $ 75,000 from each Defendant.

## II. LEGAL STANDARD

Upon review under 28 U.S.C. § 1915(e), a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a).  *See also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)).  Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints."  *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

Based on Plaintiff's allegations, the Court liberally construes the complaint as being brought pursuant to 42 U.S.C. § 1983. *Vistein v. Am. Registry of Radiologic Technologists*, 342

F. App'x 113, 127 (6th Cir. 2009) ("To proceed on a claim under 42 U.S.C. § 1983, a plaintiff must show that a person acting under color of state law deprived the plaintiff of a right secured by the Constitution or laws of the United States."); *Thomas v. Shipka*, 818 F.2d 496, 499 (6th Cir. 1987) ("[I]n cases where a plaintiff states a constitutional claim under 42 U.S.C. § 1983, that statute is the exclusive remedy for the alleged constitutional violations."), *vacated and remanded on other grounds*, 488 U.S. 1036 (1989).

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

The Court will dismiss the claims against both Defendants LMPD and CPD because neither is an entity subject to suit under § 1983. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a police department may not be sued under § 1983). Rather, the claims against the LMPD are against the Louisville Metro Government as the real party in interest, and the claims against the CPD are against the City of Carrollton as the real party in interest. *See Matthews v. Jones*, 35 F.3d at 1049 ("Since the Police Department is not an entity which may be sued, Jefferson County is the proper party to address the allegations of Matthews's complaint.").

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in original).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).

None of the allegations in the complaint demonstrate that any alleged wrongdoing or injury occurred as a result of a policy or custom implemented or endorsed by either the

Louisville Metro Government or the City of Carrollton. Accordingly, the complaint fails to establish a basis of liability against the municipalities and fails to state a cognizable § 1983 claim.

Moreover, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). Plaintiff's complaint meets this standard.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss this action by separate Order.

Date: March 28, 2016

**David J. Hale, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
4415.011